IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STANLEY F. WASHINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 03-G-0750-S |
| | ) |
| WARDEN GRANT CULLIVER; ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) ) |
| | ) |
| Respondents.. | ) |

MEMORANDUM OF OPINION

On October 27, 2004, the magistrate judge filed a findings and recommendation concluding that petitioner's petition for writ of habeas corpus be dismissed as untimely.  On February 7, 2005 petitioner filed objections to the findings and recommendation.  As the magistrate judge correctly pointed out, petitioner's first and second Rule 32 petitions had been ruled on and affirmed on appeal prior to the affirmance of petitioner's conviction.  On September 29, 2000, the Alabama Court of Criminal Appeals affirmed petitioner's conviction.  On October 12, 2001, the Alabama Supreme Court denied the petition for writ of certiorari.  Petitioner's conviction became final on January 10, 2002, upon the expiration of the 90 days in which he could have filed a petition for writ of habeas corpus with the United States Supreme Court.  In his objections, petitioner states that he attempted to file his third Rule 32 petition on October 11, 2002 but that the petition was returned to him on November 4, 2002 with a letter that indicated his *in forma pauperis* request was denied.  He argues that the federal statute of limitations was tolled from November 18, 2002 when he filed a petition for writ of mandamus in the Alabama Court of Criminal Appeals until February 28, 2003 when the petition for writ of mandamus was denied.  Petitioner

states that "the mandamus requested relief from the court of Washington's denial of *in forma pauperis* declaration."

Title 28 U.S.C. § 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In *Sibley v. Culliver*, 377 F.3d 1196 (11th Cir. 2004), the Eleventh Circuit Court of Appeals was faced with the question of whether a "Notice" filed with the Alabama Supreme Court was a "properly filed application for State post-conviction or other collateral review" that tolled the statute of limitations for filing a federal habeas petition.  The first step of the Eleventh Circuit's analysis was to determine whether the notice was "an application for State post-conviction or other collateral review":

> The simple fact that Sibley mailed something to the court is surely insufficient to trigger § 2244(d)(2)'s tolling provision.  By definition, the defining factor of an application for review is that it seeks review.  As the First Circuit has held,
>
>> Giving the term "application" its natural meaning, a filing that purports to be an application for State post-conviction or other collateral review with respect to the pertinent judgment or claim must set forth the grounds upon which it is based, and must state the relief desired; **it must attack collaterally the relevant conviction or sentence**.
>
> *Voravongsa v. Wall*, 349 F.3d 1, 6 (1st Cir. 2003).

377 F.3d at 1200. (Emphasis added).

Clearly, a writ of mandamus requesting relief from the denial of an *in forma pauperis* request does not attack collaterally the relevant conviction or sentence. The federal limitations period should not be tolled during the pendency of the writ of mandamus. The court would be inclined to toll the federal statute of limitations from October 11, 2002 when petitioner attempted to file the Rule 32 petition until November 4, 2002 when the petition was returned unfiled because of the denial of the *in forma pauperis* request; however, this tolling for twenty-four days would not save the federal habeas petition from being untimely. Rather, this tolling would simply extend the time in which petitioner had to file a federal habeas petition from January 13, 2003 to February 6, 2003. The federal habeas petition which was deemed filed on March 28, 2003 was still untimely by 50 days.

    A separate final judgment consistent with the foregoing will be entered simultaneously herewith.

    DONE and ORDERED 15 February 2005.

                                                  UNITED STATES DISTRICT JUDGE
                                                        J. FOY GUIN, JR.